**J. Refugio Rodriguez MARTINEZ; Maurilia Rodriguez, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–76594.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006 *.

Filed Nov. 14, 2006.

J. Refugio Rodriguez Martinez, Long Beach, CA, pro se.

Maurilia Rodriguez, Long Beach, CA, pro se.

CAC—District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Jennifer Levings, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, GOULD, and CLIFTON, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

J. Refugio Rodriguez Martinez and Maurilia Rodriguez, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' decision refusing either to reopen removal proceedings or to reconsider its decision dismissing their appeal from an immigration judge's denial of their application for cancellation of removal for failure to establish the hardship requirement. The petitioners contend that they established that their three United States citizen children would suffer exceptional and extremely unusual hardship upon the petitioners' removal to Mexico. Pursuant to 8 U.S.C. § 1252(a)(2)(B)(i), we lack jurisdiction to review the a discretionary hardship determination, and we also lack jurisdiction to review the denial of a motion to reopen on the basis of a discretionary hardship determination. *See Fernandez v. Gonzales,* 439 F.3d 592, 601 (9th Cir.2006); *Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005). We therefore dismiss the petition for review.

**PETITION FOR REVIEW DISMISSED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

